(Supreme Court, Special Term, Montgomery County. September, 1906.)

STREET RAILROADS—REPAIRS OF STREET.

> Under Railroad Law, Laws 1890, p. 1113, c. 565, § 98, requiring every surface railroad company using any track in any street to keep in repair the portion of ⋅the street between its tracks and the rails of its tracks, and two feet in width outside of the tracks, it is required to repair a strip two feet in width outside of its tracks on each side thereof.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 100.]

Action by the city of Amsterdam against the Fonda, Johnstown & Gloversville Railroad Company. Judgment for plaintiff.

Christopher J. Heffernan, for plaintiff.
Nisbet Hanson, for defendant.

VAN KIRK, J. This case comes before the court upon a written ⋅statement of the facts, and it will not be necessary to make any full statement of facts in deciding the case; reference being had to the facts stipulated. The defendant railroad company has a single track extending through Market street in the city of Amsterdam, the plaintiff. Inasmuch as the statement of facts and the briefs of counsel do not mention it, I assume that the franchise granted by the plaintiff to the defendant has no stipulation bearing upon the question in this case.

The determination of the case depends upon the construction of section 98 of the Railroad Law (Laws 1890, p. 1113, c. 565), which, so far as this case is concerned, is as follows:

"Every street surface railroad corporation so long as it shall continue to use any of its tracks in any street, avenue or public place in any city or village shall have and keep in permanent repair that portion of such street, avenue or public place between its tracks, the rails of its tracks, and two feet in width outside of its tracks, under the supervision of the proper local au-

thorities, and whenever required by them to do so, and in such manner as they may prescribe."

The particular question refers to the meaning of the expression, "two feet in width outside of its tracks." The plaintiff contends that, under this statute, the defendant must keep in repair the surface of the street for a space of two feet on each side of the outer rail of its tracks. The defendant contends that the statute provides that it must keep in repair two feet outside of its rails or one foot in width outside of each rail.

The attorneys for each of the parties state that there are no direct authorities bearing upon the construction of this particular part of the statute; and the examination of the authorities, so far as we have been able to make it, discloses no direct decision upon the construction of this particular part of the statute. The first impression received by the court from reading the statute was that the railroad company was required to keep in repair a space two feet in width on the outside of each rail. It would have been easy for the Legislature to have stated that the width referred to was two feet outside of each rail. On the other hand, if the statute does not mean two feet outside of each rail, then there is no provision stating what the width which the railroad company is required to care for is outside of each rail. And it would have been likewise easy, if the Legislature had intended that the two feet should be divided, to have specified that the surface of the street should be cared for, one foot outside of each rail, or a width of two feet equally divided, making one foot outside of each rail. If the statute is to be construed as meaning that the railroad company need keep in repair but two feet outside of the rails, then there is nothing in the statute requiring that this two feet should be divided equally upon each side, or in any proportion. If the statute means that the railroad company need repair only two feet outside of its rails, then, if it kept in repair two feet outside of one rail, it would have complied with the statute, or, if it kept in repair 6 inches outside of one rail and 18 inches outside of the other, it would have complied with the statute.

One purpose, and perhaps the chief purpose of this particular section 98, was to require the railroad company to repair and keep in good condition that portion of the surface of the street which it would disturb and need to use in making repairs of and along its track. This purpose being in view, it was intended that the railroad company should be required to keep in condition a portion of the surface outside of each of its rails, and also that this requirement should extend an equal distance outside of each of its outer rails. A space of 12 inches would be an exceedingly narrow space within which the railroad company must confine itself in making the repairs of its rails and tracks. A width of two feet outside of each outer rail does not seem to the court too great a width for such purpose. I am constrained to hold that, under this statute, the defendant railroad company must keep in repair the surface of the street for a width of two feet outside of each of its rails.

Although used in the course of the discussion and not necessary in deciding the case, this seems to have been assumed to be the meaning of the statute in Binninger v. City of New York, 80 App. Div. 438, 81 N. Y. Supp. 226, where this appears:

"It is difficult to understand, conceding that asphalt is more expensive than water stone, how the railroad company can be seriously disadvantaged by a provision of the statute that it shall keep the pavement between its tracks and·two feet outside in repair under the direction of the local authorities, in place of the old provision that it should keep a space of three feet outside in repair with the best water stone. It has an advantage of two running feet along its tracks over the old contract, which ought to compensate in a large measure at least for the added cost of asphalt by the square yard."

If the statute meant that the railroad company must keep in repair a width of only two feet rather than two feet upon each side, then the railroad company would have had an advantage of four running feet rather than two running feet, because the old provision referred to in the opinion required the railroad company to keep in repair the surface of the street a width of three feet outside of each rail.

Findings may be presented in accordance with this memorandum.
Ordered accordingly.